Ruffin, C. J.
 

 As the land descended to the
 
 propositus
 
 from bis father and from his sister, who derived her share by descent from the father, it would, if not sold, have descended from John F. Webster to the plaintiff, under the 4th canon of descents, as the only sister of his father and the nearest relation of the
 
 propositus ex parte paterna,
 
 except the grandmother, who is not within the' proviso to the 6th rule.
 
 Wilkerson
 
 v.
 
 Brackett,
 
 2 Ire. 315. Then, by the Act of 1827,
 
 Rev. St. Ch.
 
 55,
 
 Sec. 27,
 
 the money, into which the land was converted, goes, as the land itself would, had it not been sold ; for the owner of it, the
 
 *282
 

 propositus,
 
 being an infant at his death, could not male® a valid disposition of it as money. It therefore belong® to Mrs. Gillespie and her husband, the plaintiffs, as land, and it must be invested and secured as such, unless they dispose of the fund in a legal manner, as if it were land.
 

 The questions made as to the personal estate have been long settled. The grandfather or grandmother, being one degree nearer than an uncle or aunt, takes to the exclusion of the latter.
 
 Blackborough v. Davis,
 
 1 Wms. Pr. 40.
 
 Woodruff
 
 v.
 
 Wickworth,
 
 Pr. in Chan. 527. Indeed the grand-parents are in equal degree with brothers and sisters, and that is said to be the only exception to the rule, that relations in equal degree take equally; for brothers and sisters exclude the grand-parents. For that exception Mr. Christian thinks no good reason can be given.
 
 Bl. Com. 516,
 
 note. But it seems evidently to arise by implication from the provision of the
 
 St.
 
 1,
 
 Jac. S, Ch.
 
 17,
 
 Sec.
 
 7, which, when the father is dead, makes an equal distribution between the brothers and sisters of the in* testate ar.d the mother ; which by necessary construction excludes the grandfather or grandmother, who are one degree removed further than the mother. Besides, the brothers and sisters may take as representing the father, under the general provision for representation within the degree of brothers" and sisters’ children. For, as the fa-would take all, if living, his children must be entitled the same, when he is dead, except as far as the mother in with them under the express provision of the statute — which forms a part of our Act of distributions. plaintiffs are, therefore, not entitled to any part of personal estate, and the bill must be dismissed so far it prays for
 
 it.
 

 The foregoing declaration would suffice as between the plaintiffs and the defendants. But, as the defendants desire to ascertain how the estate is to be divided between themselves, and the matter is quite plain, the Court has
 
 *283
 
 no objection to- state, that the grandfather mothers take equally — that is, each of them takes one third part. They take in those proportions, because they are in equal degree of kindred to the intestate, and in tha^ case, the statute says, the estate shall be distributed equally to every one of them. The only exception to that rule is that of father and mother, and that did not originally exist; for the statutes of Charles 2nd made no distinction between the father and the mother, and therefore they succeeded together to the estate of a child, who left no-child or widow'. That continued to be the law until the before mentioned Act of James 2nd ; which gave the mother an equal share with their children, when her hus: band was dead, and by implication excluded her when the husband was living. But there is no such provision between grandfather and grandmother, or between the grandmother and uncles and aunts; and, therefore, the grandmother succeeds equally with the grandfather, and, of course, one grandmother stands upon an equality with the other.
 

 Per Curiam.
 

 Declared accordingly.